UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00521-FDW
(3:17-cr-00134-FDW-DSC-57)

| | |
|---|---|
| THOMAS OLIVER,              )<br>                             )<br>         Petitioner,         )<br>                             )<br>vs.                          )      ORDER<br>                             )<br>UNITED STATES OF AMERICA,    )<br>                             )<br>         Respondent.         )<br>                             ) | |

**THIS MATTER** is before the Court on initial screening of Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I.    BACKGROUND

On January 17, 2019, Pro Se Petitioner Thomas Oliver ("Petitioner") was charged in a Second Superseding Bill of Indictment with one count of RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count One); one count of murder in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(1) and 2 (Count Twelve); one count of aiding and abetting attempted Hobbs Act robbery in violation of 18 U.S.C §§ 1951 and 2 (Count Thirteen); one count of use and carry of a firearm in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence resulting in death in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(j), and 2 (Count Fourteen); one count of aiding and abetting attempted murder in aid of racketeering in violation of

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00521-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-cr-00134-FDW-DSC-57.

18 U.S.C. §§ 1959(a)(5) and 2 (Count Fifteen); two counts of using or carrying a firearm in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Counts Sixteen and Seventeen); one count of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 846 (Count Twenty-Two); one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Twenty-Four). [CR Doc. 2374].

Petitioner agreed to plead guilty to Count One pursuant to a Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure in exchange for the dismissal of the remaining charges. [CR Doc. 2515 at ¶¶ 1-2: Plea Agreement]. The Plea Agreement, therefore, was only binding if the Court accepted the plea and sentencing recommendation therein. [Id. at ¶ 8]. The parties made a binding recommendation that Petitioner be sentenced to 360 to 420 months' imprisonment. [Id.]. The parties also recommended that the Total Offense Level be 44, which accounted for the offense level of the underlying racketeering activity and crimes, including drug trafficking, robberies, the attempted murder of victim T.C., and the first-degree murder of victim M.B. [Id. at ¶ 8].

In the Plea Agreement, Petitioner stipulated to their being a factual basis for his guilty plea and that Petitioner had read and understood the Factual Basis that was filed with the Plea Agreement. [Id. at ¶ 13]. The Factual Basis recounts Petitioner's involvement in the RICO conspiracy beginning in October 2009 until July 26, 2016 and provides that Petitioner agreed to commit two or more racketeering activities and did personally commit two or more racketeering

activities, including acts of murder, robbery, and drug trafficking. [CR Doc. 2516 at ¶ 13: Factual Basis].

A United States Magistrate Judge accepted Petitioner's guilty plea after conducting a thorough plea colloquy, during which Petitioner was represented by counsel. [See CR Doc. 2523: Acceptance and Entry of Guilty Plea]. Under oath, Petitioner testified that he understood the charges against him, the maximum and minimum penalties, and each element of the offense charged. [Id. at ¶ 10]. Petitioner further testified that he had discussed how the U.S. Sentencing Guidelines might apply with his attorney. [Id. at ¶ 13]. Petitioner also testified that he was, in fact, guilty of the offense to which he was pleading guilty, [Id. at ¶ 22], and that there was a factual basis for his guilty plea, [Id. at ¶ 28]. Finally, Petitioner testified that he was "satisfied with the services of [his] attorney." [Id. at ¶ 31].

Petitioner's sentencing hearing was held on January 28, 2020. Before the hearing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 2615: PSR]. The probation officer recommended a TOL of 43 and a Criminal History Category of III, which yielded a guidelines range of life. [Id. at ¶¶ 98, 111, 136]. The probation officer did not recommend any enhancement under Chapter Four of the guidelines. [Id. at ¶ 95]. When examining the impact of the Plea Agreement on sentencing, the probation officer noted that, "[b]ased solely on the stipulations noted in the 11(c)(1)(C) Plea Agreement, the [Petitioner's] total offense level is 41" and that a TOL of 41 and criminal history category of III yielded a guidelines range of 360 months to life. [Id. at ¶ 139 (emphasis removed)].

This Court sentenced Petitioner to a term of imprisonment of 420 months, at the top end of the range agreed to by the parties but a downward variance from the recommended life sentence. [CR Doc. 2911 at 127-130: Sentencing Tr.]. Judgment on Petitioner's conviction was entered on

February 10, 2020. [CR Doc. 2835: Judgment]. Petitioner appealed his conviction and sentence. [CR Doc. 2847]. On April 22, 2021, the Fourth Circuit dismissed Petitioner's appeal on the Government's motion. [CR Doc. 3120].

On September 30, 2021, Petitioner timely filed the instant motion to vacate. As grounds, Petitioner argues the following: (1) "no sufficient evidence to sustain convictions on the charges" under the Fourth Amendment; (2) ineffective assistance of counsel because Petitioner "never received an evidentiary hearing," was "never shown [his] motion," was "always told they had nothing concrete on [him]," was always told that he "would get life if [he went] to trial so take the plea;" (3) <u>Davis v. United States</u>, 139 S. Ct. 2319 (2019),[2] should apply to reduce his sentence or vacate his conviction because he "didn't do anything violent;" (4) under the Thirteenth Amendment, Petitioner "was not duly convicted of these charges under the constitution;" and (5) under <u>United States v. Simmons</u>, 649 F.3d 237, 241 (4th Cir. 2011) (en banc),[3] his sentence was improperly enhanced, based on various charges that he was not convicted for. [CV Doc. 1 at 4-11].

## II.    STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

---

[2] In <u>Davis</u>, the Supreme Court held that the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S.Ct. at 2336. After <u>Davis</u>, predicate crimes of violence were constitutionally sufficient only if they met § 924(c)'s force clause.

[3] In <u>Simmons</u>, the Fourth Circuit, overturning circuit precedent, held that an offense qualifies as a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1), and is punishable by more than one year in prison, only if the individual defendant could have received a sentence of more than one year in prison, not if some hypothetical defendant could have received such a sentence. 649 F.3d 237.

4

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In many cases, an evidentiary hearing is required to determine whether or not counsel was ineffective for misadvising a petitioner about a plea offer. See generally United States v. Witherspoon, 231 F.3d 923, 926–27 (4th Cir. 2000); 28 U.S.C.A. § 2255(b). After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

Petitioner has failed to present a colorable claim under Section 2255. Petitioner's claims are all vague and conclusory and can be dismissed on those grounds alone. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations). Petitioner's claims that there was insufficient evidence to convict him is precluded by Petitioner's guilty plea. Petitioner agreed to plead guilty and agreed that there was a factual basis for his plea. Petitioner cannot now contradict the sworn statements at his plea colloquy absent extraordinary circumstances, which he has not shown. See United States v. Lemaster, 403 F.3d 216, 216, 221-22 (4th Cir. 2005). Moreover, Petitioner affirmed at sentencing that he was guilty of the offense of conviction, [CR Doc. 2911 at 5-6], and he has not challenged the voluntariness of his plea agreement. As such, the Court will dismiss Petitioner's claim related to the sufficiency of evidence.

Next, a § 2255 motion is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). Claims of error that could have been raised on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice or demonstrates that he is actually innocent of the offense. See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 Fed. App'x 296, 299 (4th Cir. 2008). Here, Petitioner failed to raise the Davis and Simmons claims on direct appeal, and they are barred. Even if they were not barred, they are meritless. Davis and Simmons do not apply. Petitioner was not convicted under § 924(c) and his sentence was not subject to a mandatory minimum under § 841(b), [see CR Doc. 2615 at ¶ 135]. As such, the Court will dismiss these claims as well.

Petitioner's claims of ineffective assistance of counsel are also without merit. The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing

court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

As noted, Petitioner's claims of ineffective are vague and conclusory in the first instance and insufficient to establish a claim of ineffective assistance. See Dyess, 730 F.3d at 359-60. For instance, Plaintiff states he "never received an evidentiary hearing," was "never shown his motion," and he was "always told they had nothing concrete on him." Petitioner, however, does not allege or show that he was prejudiced by anything his attorney did or did not do. To be sure, he does not state what evidentiary issue his attorney should have raised, what motion he was not shown, or how these issues affected the outcome of his proceedings. Furthermore, to the extent the Court can read meaning into Petitioner's vague assertions, Petitioner has not even alleged facts suggesting that his attorney's performance was constitutionally deficient in any respect. In fact, it seems that Petitioner's attorney's assessment that Petitioner should plead guilty, rather than proceed to trial, was appropriate given that Petitioner would have been subjected to a life sentence had he been convicted on the charged crimes.

In sum, Petitioner has presented no grounds supporting relief under Section 2255. The Court, therefore, denies and dismisses Petitioner's motion to vacate.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc.1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338

(2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 26, 2021

Frank D. Whitney
United States District Judge